IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:03CR684 CDP |
| | ) |
| LOUIS HEAD | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD DEPARTURE PURSUANT TO 4A1.3(b) OVERSTATED CRIMINAL HISTORY**

Comes now Louis Head, Defendant, by and through his attorney Lucy G. Liggett, Assistant Federal Public Defender, and hereby files this sentencing memorandum in the above cause:

Defendant Louis Head entered a plea of guilty to the one count Indictment, possession with intent to deliver in excess of five grams of cocaine base, a Schedule II narcotic controlled substance, in violation of 21 USC § 841(a)(1). He has a total base level offense of 27 and a criminal history category of V, resulting in a range of imprisonment of 120 to 150 months.

Overstated Criminal History

According to Section 4A1.3(b) of the Federal Sentencing Guidelines, "if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." The Court must consider the historical facts of Mr. Head's criminal behavior, such as the age at the time he committed the offenses, the proximity in time of the prior offenses, and the sentencing court's assessment of the seriousness of such crimes as reflected by the length of sentence imposed. United States v. Gayles, 1 F.3d 735, 739 (8th Cir. 1993),

United States v. Senior, 935 F.2d 149, 151 (8th Cir. 1991).

Mr. Head has two felony prior convictions: Distribution/Delivery of under 5 grams of marijuana and Trafficking in the second degree. He received his first felony conviction in 1996 at the age of 19 and was placed on five years probation. The probation was subsequently revoked and he served a term of 6 years in the Missouri Department of Corrections. Six years later, at the age of 26, he was arrested for trafficking in the second degree and was sentenced in 2003 to seven years in MDC. Between the ages of 19 and 26, he was convicted of two misdemeanor offenses, destruction of private property and assaulting a person, both which were in the Municipal Court of Berkeley, Missouri. In paragraph 38 of the Presentence Report, the probation officer lists various convictions for driving while suspended, failure to appear, and other traffic offenses.

Louis Head has a criminal history category of V, as he has a total of 10 criminal history points. It is very likely that a defendant in criminal history category V could have three or more felony convictions and have served significant time in a state or federal penitentiary. Louis Head has two felony convictions, convictions which are drug-related and do not involve the use of violence. His most serious misdemeanor conviction was for assaulting a person for which he received 30 days in the county jail. Louis Head respectfully requests this Court depart downward from category V to a category which reflects his criminal history and sentence him within that guideline range.

Application of Section 5G1.3(c)

According to paragraph 34 of the presentence report, Louis Head entered a plea of guilty and was sentenced to seven (7) years in the Missouri Department of Corrections in Cause number 21-02CR-6679 on October 17, 2003 for the offense of trafficking in the second degree. He is currently in the custody of the United States Marshals on a writ of habeas corpus ad prosequendum from the Missouri Department of Corrections. The date of the federal offense for which he awaits sentencing

is August 26, 2003.

According to 5G1.3(c) of the Federal Sentencing Guidelines, "...the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." The instant offense was not committed while Louis Grant was serving the term of imprisonment in the Missouri Department of Corrections or after sentencing but before commencement of the term of imprisonment. If that were the case, the court must impose the federal sentence consecutively to the term of imprisonment in the Missouri Department of Corrections. (See USSG § 5G1.3(a)). In addition, to the best of Counsel for Defendant's knowledge, the facts of the state case in 21-02CR-6679 are not considered relevant conduct in this federal case before the Court, thereby excluding the application of Section 5G1.3(b). As a result, the policy statement in 5G1.3(c) is the applicable guideline the Court may consider in imposing a sentence on Louis Head.

Section 5G1.3, Application note 3(A) lists various factors the Court can consider in imposing a "reasonable incremental punishment for the instant offense and avoid unwarranted disparity". Among the various factors are: the type and length of the state sentence, the time served to date on the state sentence, the time defendant will serve before release, the fact that the prior sentence was imposed by a state court at a different time than the federal sentence, and any other circumstances relevant to the Court's determination of an appropriate sentence.

Louis Head's state sentence was imposed in October, 2003. When he was sentenced, he had one remand to the Missouri Department of Corrections, in cause number 21-96CR-7039. This remand will increase the time Head will have to serve on his current sentence in MDC. According to Court records, Head made bond on the state case in February, 2003. When he was sentenced on October 17, 2003, he did not have a considerable amount of jail time as credit toward his sentence. Louis Head is facing at least 120 months in the Bureau of Prisons in this case if the Court does not

grant his downward departure request pursuant to Section 4A1.3(b). He has accepted full responsibility for his offense, waiving pretrial motions and entering a plea of guilty in a timely fashion. His prior felony convictions are drug-related as opposed to convictions for violent offenses. (PSR, pages 3,4, paragraphs 22, 34). Mr. Head realizes that he has a misdemeanor conviction for assault as reported in paragraph 31 of the presentence report. He reported a substance abuse problem to the probation officer and his problems with substance abuse have been documented by various records received by the probation officer. (PSR, paragraphs 25 and 53, pages 4 and 7).

According to Section 5G1.3(c), the Court has the discretion to impose the federal sentence concurrently to Louis Head's state sentence. A concurrent sentence will result in a fair, just and reasonable sentence in this case. Louis Head, Defendant, respectfully requests a sentence on the low end of the guideline range, imposed concurrently to the seven (7) year sentence in Cause number 21-02CR-6679.

If the Court finds that the Federal Sentencing Guidelines do not apply to this case before the Court, Mr. Head respectfully requests a reasonable sentence within the statutory range of punishment according to Title 18 USC §841 (b)(1)(B) and Title 18 USC §3553(a) and that this sentence be imposed to run concurrently to his sentence in Cause number 21-02CR-6679, as authorized by Title18 USC §3584.

Respectfully submitted,

/s/Lucille G. Liggett
LUCILLE G. LIGGETT
Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Lucy_Liggett@fd.org

ATTORNEY FOR DEFENDANT

# CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2004, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon, Assistant United States Attorney.

I hereby certify that on July 28, 2004the foregoing was hand delivered to the following non-participants in the Electronic Case Filing: United States Probation Office, 111 South 10th Street, 2nd Floor, St. Louis Missouri.

/s/Lucille G. Liggett
LUCILLE G. LIGGETT
Assistant Federal Public Defender