IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:03CR684 CDP |
| vs. | ) | |
| | ) | |
| LOUIS HEAD, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through James G. Martin, United States Attorney for the Eastern District of Missouri and Thomas C. Albus, Assistant United States Attorney for said district and responds to the sentencing memorandum filed by Defendant in this matter as follows:

Application of Section 5G1.3(c) with respect to Defendant's Missouri Sentence

The government has reviewed Defendant's analysis of this issue and believes it to be accurate. To the extent the Court agrees, the government has no objection to imposing the sentence in this case concurrent to that Missouri sentence Defendant was serving at the time he was brought into this Court.

Motion for Downward Departure

The government has reviewed Defendant's recitation of his criminal history and believes it to be accurate. It is worth noting that the Defendant has, by the government's count, five convictions for which no points were assessed, two felonies and two misdemeanors for which points were assessed. Additionally, points were properly assessed because the defendant was on probation at the time he committed the crime for which he is before the Court.

Certainly, some of Defendant's prior crimes are more serious than others, but Defendant sustained nine separate convictions before the age of twenty-eight (even though he had been incarcerated for almost five years of his life). Taken as a whole, the government suggests

Defendant's criminal history represents a high likelihood of recidivism and that likelihood is reflected by a relatively high criminal history category. This representation does not appear unusually high or in any way grounds for a downward departure.

Conclusion

Without minimizing the seriousness of the crime for which Defendant is before the Court, but in light of the serious criminal history category assigned to him and that the quantity of cocaine base is less than one gram above the minimum threshold for the applicable guideline within the drug quantity table, the government believes a sentence of 120 months imprisonment (the low end of the guidelines) is appropriate in the present case.

Respectfully submitted,

JAMES G. MARTIN
UNITED STATES ATTORNEY
/s/ Thomas C. Albus
Thomas C. Albus, #96250
Assistant United States Attorney

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify a true and accurate copy of the foregoing was served electronically upon Lucy Liggett, Esq., counsel for the defendant this 27th day of July, 2004.

/s/ Thomas C. Albus